**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICK J.,** | Civil Action No. 20-2665 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **WILLIAM ANDERSON,** | |
| Respondent. | |

This matter having come before the Court on Petitioner's submission of a Petition for a Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241. For the reasons explained in this Memorandum Opinion, the Court will direct Respondents to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days of the date of this order, in accordance with the Third Circuit's decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020).

Petitioner is a native and citizen of Haiti. Ex. A, Notice to Appear. Petitioner arrived in the United States at an unknown place and time. *Id.* Petitioner's status was adjusted to that of a lawful permanent resident on June 23, 2005. *Id.* On January 8, 2010, Petitioner was convicted in the New Jersey Superior Court, Union County for the offense of robbery in violation of N.J.S.A. 2C:15-1. *Id*. On the same day, he was convicted for the offense of possession of a controlled dangerous, substance, to wit: cocaine, in violation of N.J.S.A. 2C:35-7. *Id.*

On May 29, 2018, Petitioner was served with a Notice to Appear charging Petitioner as removable pursuant to sections 237(a)(2)(A)(i) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act. Ex. A. At a master calendar hearing held on February 1, 2019, Petitioner

acknowledged service of the NTA and admitted the factual allegations contained on the NTA. Ex. B, Transcript of Removal Decision. On April 26, 2019, Petitioner filed an application for relief with the immigration court. *Id.*

On May 24, 2019, Petitioner rolled over from state custody to ICE custody. Ex. C, Notice of Custody Determination. ICE determined Petitioner to be detained pursuant to the mandatory detention provisions of 8 U.S.C. § 1226(c). Testimony was completed in connection with the application for relief on June 30, 2019. Ex. B. On August 7, 2019, the immigration court issued an oral decision and sustained the charges of removability. *Id.* The immigration court found that Petitioner was ineligible for withholding of removal and denied his application for deferral of removal pursuant to the U.N. Convention Against Torture. *Id.* On August 15, 2019, Petitioner filed a motion for reconsideration of the immigration judge's decision. Ex. D, December 13, 2019 BIA Decision. The immigration judge denied the motion for reconsideration on August 22, 2019. *Id.* Petitioner filed an appeal of the denial of the motion for reconsideration. *Id.* On December 13, 2019, the BIA denied Petitioner's appeal. *Id.*

On December 26, 2019, Petitioner filed a petition for review with the Third Circuit under docket number 19-3988. On the same day, the Third Circuit granted a stay of removal. On June 9, 2020, the Third Circuit summarily granted Petitioner's petition for review, vacated the BIA's December 13, 2019 decision, and remanded to the BIA. Ex. E, Third Circuit Order. Petitioner's immigration proceedings remain pending.

Petitioner's due process claim that his detention has become unduly prolonged and his request for an individualized bond hearing are governed by the Third Circuit's recent decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020). There, the Third Circuit clarified that its due process analysis in *Chavez-Alvarez v.*

*Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), survives the Supreme Court's 2018 decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[1] *See German Santos*, 965 F.3d at 210 (explaining that *Jennings* "did not touch the constitutional analysis that led *Diop* and *Chavez-Alvarez* to their reading"); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("Jennings did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long."). Thus, the constitutional analysis in *Diop* and *Chavez Alvarez* is still good law, and those cases govern as-applied challenges under § 1226(c). *See id.*

Under Third Circuit law, "when detention becomes unreasonable, the Due Process Clause demands a hearing." *Id.* at 211 (quoting *Diop*, 656 F.3d at 233); *accord Chavez-Alvarez*, 783 F.3d at 474–75. Reasonableness is a "highly fact-specific" inquiry. *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 474). "Together, *Diop* and *Chavez-Alvarez* give [courts] a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable." *Id.* "The most important factor is the duration of detention. *German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez*, 783 F.3d at 475–78; *Diop*, 656 F.3d at 233–34). In *Diop*, the Third Circuit explained that detention "becomes more and more suspect" after five months, 656 F.3d at 234, and held that the two-year-and-eleven-month detention of an alien who had been granted withholding of removal was unreasonable. *Id.* at 233–34. In *Chavez Alvarez*, the Court held that

---

[1] In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing. Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged. *Id.* at 842-47, 851.

a lawful permanent resident's detention became unreasonable sometime between six months and one year. 783 F.3d at 478. There is no bright line threshold for reasonable duration. *See German Santos*, 965 F.3d at 211. Instead, courts should consider "whether the detention is likely to continue", the reasons for the delay, and "whether the alien's conditions of confinement are "meaningfully different[ ] from criminal punishment." *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

After reiterating the standard, the Third Circuit turned to German Santos's detention and determined that, "[g]iven its length, likelihood of continuing, and conditions, [the detention had] become unreasonable. *Id.* at 212. As explained by the court, German Santos's detention of two and one-half years weighed strongly in his favor because it was longer than the detention held unreasonable in *Chavez Alvarez* and approaching the length of detention in *Diop*. *See id.* It was also very likely that German Santos's detention would continue, as his appeal before the BIA was still pending, and he could thereafter seek review of the BIA's decision by the court of appeals. *See id.* Because there was no evidence of bad faith by the government or by German Santos, "this factor [did] not favor either side." *Id.* Finally, the Court noted that German Santos was detained "alongside convicted criminals since late 2017" and "[d]espite its civil label, his detention is indistinguishable from criminal punishment." *Id.* at 212-13.

Here, Petitioner has been detained for over 18 months, longer than the petitioner in *Chavez Alvarez*. Although he has been detained for less time than the petitioners in *Diop* and *German Santos*, the length of his detention still strongly weighs in his favor. Moreover, the Third Circuit recently sustained his petition for review and remanded the matter to the BIA; as such, his detention is likely to continue for some time. There is no indication of bad faith or undue delays on the part of Petitioner or the government, and his conditions of confinement at ECCF

(and now Bergen County Jail) are not meaningfully distinguishable from criminal punishment, particularly in light of the ongoing COVID-19 pandemic. Having weighed the relevant factors, the Court finds Petitioner's more than 18-month detention is unreasonable and will grant the habeas petition and direct an Immigration Judge to provide Petitioner with an individualized bond hearing. At that hearing, the Government bears the burden of proof to justify detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence.").

For the reasons explained in this Memorandum Opinion, Petitioner's 18-month detention has become unreasonably prolonged, and due process requires that Petitioner be afforded an individualized hearing. The habeas petition is granted, and an Immigration Judge shall provide Petitioner with an individualized bond hearing within 7 days of the date of the Order accompanying this Memorandum Opinion. An appropriate Order follows.

12/3/20    _____
                          Madeline Cox Arleo, District Judge
                          United States District Court